# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Roger S.,**
**Petitioner Below, Petitioner**

**vs)   No. 16-0305** (Webster County 16-P-3)

**Marvin Plumley, Warden,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

**FILED**

**March 24, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Roger S.,[1] pro se, appeals the March 17, 2016, order of the Circuit Court of Webster County denying his petition for a writ of habeas corpus. Marvin Plumley, Warden, Huttonsville Correctional Center, by counsel Shannon Frederick Kiser, filed a summary response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 8, 2001, petitioner was indicted on eleven counts of first-degree sexual assault, ten counts of sexual abuse by a parent, guardian, or custodian, nine counts of incest, and two counts of second-degree sexual assault. The victim was petitioner's stepdaughter, who was twelve years old at the time of petitioner's indictment.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

On May 16, 2001, petitioner filed a motion to suppress a tape-recorded statement he gave to law enforcement. Following an evidentiary hearing, the motion was denied. Thereafter, the State made a plea offer to allow petitioner to plead guilty to one count of second-degree sexual assault and one count of incest with the remaining counts being dismissed. Petitioner accepted the plea offer and pled guilty to those charges. The circuit court sentenced petitioner to an aggregate term of fifteen to forty years of incarceration.

Petitioner subsequently filed multiple petitions for a writ of habeas corpus. In Civil Action No. 06-P-10, the circuit court appointed an attorney for petitioner, who filed an amended petition and represented him at a February 4, 2010, omnibus hearing. Petitioner's habeas attorney presented the testimony of petitioner, his trial attorney, and an expert witness to address the quality of the tape-recording of the statement petitioner gave to law enforcement. In an order entered on April 7, 2011, the circuit court found that petitioner raised several grounds for habeas relief including ineffective assistance of trial counsel (including the claim that counsel unduly influenced petitioner into pleading guilty), involuntary guilty pleas, and erroneous admission of petitioner's tape-recorded statement to law enforcement. The circuit court addressed each ground and found that petitioner failed to show that he was entitled to habeas relief. Accordingly, the circuit court denied petitioner's habeas petition. Petitioner appealed the circuit court's April 7, 2011, order to this Court. In [*Roger S.*] *v. Plumley*, No. 11-0759, at 3 (W.Va. Supreme Court, November 16, 2012) (memorandum decision), we affirmed the denial of habeas relief, and adopted and incorporated the April 7, 2011, order into our memorandum decision.[2]

Petitioner filed the instant habeas petition in the circuit court on March 2, 2016, which was docketed as Case No. 16-P-3. In an order entered on March 17, 2016, the circuit court interpreted petitioner's allegations as "merely reassert[ing] all the grounds that were raised in his prior habeas corpus proceedings, [while] adding an additional ground of ineffective assistance of counsel in the original habeas proceedings." However, the circuit court found that the allegations were insufficient to overcome the bar against the filing of successive petitions set forth in syllabus point 4 of *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), in which we held, as follows:

> A prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing . . .

The circuit court determined that petitioner re-raised previously adjudicated grounds for relief "under the guise of ineffective assistance of [habeas] counsel." Accordingly, the circuit court denied the instant habeas petition.

Petitioner now appeals the circuit court's March 17, 2016, order denying his habeas petition. We apply the following standard of review in habeas appeals:

---

[2]We take judicial notice of the record in [*Roger S.*] *v. Plumley*, No. 11-0759 (W.Va. Supreme Court, November 16, 2012) (memorandum decision).

2

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing or appointment of counsel "if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

On appeal, petitioner contends that the circuit court erred in denying his habeas petition without a hearing or appointment of counsel. Respondent concedes that petitioner made two specific allegations regarding ineffective assistance of habeas counsel, but argues that those allegations are insufficient to warrant a hearing and appointment of counsel based on the present record. We agree with respondent and find that the present record is adequate to dispose of petitioner's allegations of ineffective assistance.

Petitioner alleges that his habeas attorney failed to investigate his case and failed to convince the circuit court in Case No. 06-P-10 that his guilty pleas were not voluntarily and knowingly entered. In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984): (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). With regard to the first allegation, we note that petitioner's habeas attorney presented an expert witness at the February 4, 2010, omnibus hearing. Therefore, we conclude that petitioner's habeas attorney investigated his case sufficiently enough to know that an expert needed to be retained on the quality of the tape-recording of petitioner's statement to law enforcement.

With regard to petitioner's second allegation, we find that the circuit court's April 7, 2011, order in Civil Action No. 06-P-10 is replete with findings that petitioner both authorized his trial attorney to engage in plea negotiations and, once a plea agreement was reached, voluntarily and knowingly entered his guilty pleas. Thus, petitioner's habeas attorney clearly raised the issue of whether the pleas should have been accepted. The fact that the circuit court in Civil Action No. 06-P-10 denied habeas relief on the claim does not mean that petitioner's attorney performed deficiently in presenting it. Therefore, regarding the allegations petitioner made in the instant habeas petition, we find that the performance of his former habeas attorney did not fall below an objective standard of reasonableness. Accordingly, we conclude that the circuit court did not abuse its discretion in denying petitioner's instant habeas petition.

For the foregoing reasons, we affirm the circuit court's March 17, 2016, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED**:   March 24, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker